IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **TOMMY L. SIMS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. _____ |
| ) | |
| **JASON HOSCH and** ) | *Removed from Case No. CJ-2023-486* |
| **STATE FARM INSURANCE,** ) | *District Court of Comanche County* |
| ) | |
| **Defendants.** ) | |

## NOTICE OF REMOVAL

Defendants State Farm Fire and Casualty Company ("State Farm Fire") and State Farm Mutual Automobile Insurance Company ("State Farm Auto")—misidentified by Plaintiff jointly as "State Farm Insurance" in his Petition—remove this action from the District Court of Comanche County, Oklahoma, to the United States District Court for the Western District of Oklahoma pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

1. On October 9, 2023, Plaintiff Tommy L. Sims filed the Petition in the District Court of Comanche County, State of Oklahoma, captioned *Tommy L. Sims v. Jason Hosch d.b.a. State Farm Insurance, together with all of it[s] successors, and subsidiaries, parent companies, parent corporations, holding companies, sister companies, sister corporations, agents and joint vendors, jointly and severally*, Case No. CJ-2023-486 (the "Action"). *See* **Ex. 1**, Petition.

2. The Petition purports to state claims against Mr. Hosch, State Farm Fire, and State Farm Auto for breach of contract and for breach of the duty of good faith and fair dealing (i.e., a "bad faith" claim). *See* **Ex. 1**, Pet. ¶ 7 (asserting that Plaintiff's claims are

based both on "a homeowners insurance claim"—which is under an insurance policy issued by State Farm Fire—and "an automobile insurance claim"—which is under an insurance policy issued by State Farm Auto). The Petition lists Mr. Hosch as a defendant, but does not viably state any claims against him.[1]

3. Plaintiff has not yet served the Petition or a Summons on either State Farm Fire or State Farm Auto, but such service is not required for these entities to remove the instant lawsuit from state court to federal court. *See Jenkins v. MTGLQ Invs.*, 218 F. App'x 719, 724 (10th Cir. 2007) (unpublished).

4. Mr. Hosch was served with the Petition and a Summons on October 24, 2023.[2] *See* **Ex 7**, Return of Service.

---

[1] That Mr. Hosch is a separate defendant from the State Farm entities (i.e., State Farm Fire and State Farm Auto) is clear from the Petition. The caption lists "Jason Hosch d.b.a. State Farm Insurance, *together with all of it[s] successors, and subsidiaries, [etc.]*." Ex. 1, Pet. at p.1 (emphasis added). Mr. Hosch, as an individual, is incapable of having subsidiaries, parent/sister companies/corporations, or a holding corporation. Additionally, the caption refers to "Defendant(s), Jointly and Severally"—a reference which would be nonsensical if Mr. Hosch was the only defendant because an individual cannot be jointly and severally liable without a second defendant. *Id.* Later, Plaintiff defines Mr. Hosch and the State Farm entities together as "Jason Hosch"—meaning that all later allegations in the Petition against "Jason Hosch" are actually intended to be against multiple defendants. *Id.* ¶ 2; *see also id.* ¶ 5 (referencing "Jason Hosch and his company" and alleging that "State Farm Insurance," not Mr. Hosch, is "responsible for making claims decisions, including whether claims will be paid or denied, on policies issued to the Plaintiff").

[2] The Petition and Summons appear to have only been delivered to Mr. Hosch. State Farm agents like Mr. Hosch are not necessarily authorized to accept service of process on behalf of State Farm Fire or on behalf of State Farm Auto. However, service of either State Farm Fire or State Farm Auto is not required for these entities to remove the instant lawsuit from state court to federal court. *See Jenkins*, 218 F. App'x at 724.

5. The Petition in the Action is attached as **Exhibit 1**. The Summons served on Mr. Hosch is attached as **Exhibit 2**. A Deposition Subpoena Duces Tecum issued to Mr. Hosch is attached as **Exhibit 3**.[3] The Return of Service filed in state court for service of Mr. Hosch is attached as **Exhibit 7**.

6. A copy of the Docket Sheet, Comanche County, Case CJ-2022-486, is attached as **Exhibit 4** (as of November 13, 2023). State Farm Fire and State Farm Auto are unaware of the existence of any process, pleadings, or orders other than the documents included in Exhibits 1-3 and 7. *See* **Ex. 4**, Docket.

7. As set forth more fully below, this case is properly removed to this Court under 28 U.S.C. §§ 1332, 1441, and 1446 because State Farm Fire and State Farm Auto have satisfied the procedural requirements for removal, and this Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a).

**I. Removal is proper because this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a).**

8. This Court has original jurisdiction over this action under the diversity of citizenship provision contained in 28 U.S.C. § 1332(a) because this is a civil action (1) between citizens of different states, and (2) the amount in controversy exceeds the sum

---

[3] Upon removal of the Action to federal court, Plaintiff's existing deposition subpoena is automatically voided. *See* L. Cv. R. 81.2(c); *see also* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . . ."); L. Cv. R. 26.3(a) (indicating that once a Rule 12(b) motion is filed—which will happen soon in this action—"no party may seek discovery from any source [until] that motion has been decided and all moving parties have filed an answer or been dismissed from the case"). The Federal Rules of Civil Procedure apply to the entirety of this Action post-removal. *See* Fed. R. Civ. P. 81(c)(1).

or value of $75,000, exclusive of interest and costs. This action may thus be removed to this Court by State Farm Fire and State Farm Auto under 28 U.S.C. § 1441(a).

> **A.  Complete diversity of citizenship exists between (i) Plaintiff and (ii) State Farm Fire and State Farm Auto.**

9. Plaintiff alleges that he resides in Comanche County, Oklahoma. *See* **Ex. 1**, Pet. ¶ 1. While not the equivalent of citizenship, residence is prima facie evidence of domicile. *See State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Domicile is equivalent to citizenship for purposes of diversity jurisdiction. *See Smith v. Cummings*, 445 F.3d 1254, 1259-60 (10th Cir. 2006). Based on the foregoing and upon information and belief, Plaintiff is a citizen of Oklahoma for diversity-jurisdiction purposes.

10. State Farm Fire is a corporation organized under the laws of Illinois, with its principal place of business in Illinois. For diversity-jurisdiction purposes, State Farm Fire is a citizen of Illinois. *See* 28 U.S.C. § 1332(c)(1). Therefore, complete diversity exists as between Plaintiff and State Farm Fire.

11. State Farm Auto is a corporation organized under the laws of Illinois, with its principal place of business in Illinois. For diversity-jurisdiction purposes, State Farm Auto is a citizen of Illinois. *See* 28 U.S.C. § 1332(c)(1). Therefore, complete diversity exists as between Plaintiff and State Farm Auto.

12. Plaintiff asserts that Defendant Jason Hosch "operates a business in Lawton, Comanche County, Oklahoma"—presumably alleging that Mr. Hosch also is a resident and citizen of Oklahoma. *See* **Ex. 1**, Pet. ¶ 2. However, as set forth below, Mr. Hosch has been

fraudulently joined, so his citizenship should be disregarded for diversity-jurisdiction purposes and he should be dismissed from the Action.

### B. Mr. Hosch's citizenship is immaterial.

13. Defendants who have been fraudulently joined must be ignored for purposes of determining diversity jurisdiction. See *Smoot v. Chi., R.I. & P.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967) ("[U]pon specific allegations of fraudulent joinder the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available. (quotation marks and citations omitted)); *Funk v. Farmers Ins. Co., Inc.*, No. CIV-12-1159-HE, 2013 WL 12091100, at *1 (W.D. Okla. Jan. 31, 2013); *Slover v. Equitable Variable Life Ins. Co.*, 443 F. Supp. 2d 1272, 1276 (N.D. Okla. 2006) (denying a motion to remand on the basis of fraudulent joinder where the plaintiff's claims against non-diverse insurance agent were meritless and otherwise time-barred).

14. Under Tenth Circuit law, a party is deemed to have been fraudulently joined (i) if no cause of action is stated against the non-diverse defendant, or, (ii) though stated, the cause of action against the non-diverse defendant does not exist. *See Smoot*, 378 F.2d at 882 ("The joinder of a resident defendant against whom no action is stated is patent sham, and though a cause of action be stated, the joinder is similarly fraudulent if in fact no cause of action exists." (quoting *Dodd v. Fawcett Publications, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964)); *see also Roe v. Gen. Am. Life Ins. Co.*, 712 F.2d 450, 452, n.1 (10th Cir. 1983) ("[J]oinder of a resident defendant against whom no cause of action is pled, or against whom there is in fact no cause of action, will not defeat removal.") (dicta); *Long v.*

*Halliday*, 768 F. App'x 811, 813–14 (10th Cir. 2019) (unpublished); *Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. 2013) (unpublished).[4]

15. As aptly stated by many courts, "'[f]raudulent joinder' is a bit of a misnomer" because the requirements for the doctrine of fraudulent joinder "can, and often do[], exist in the absence of a fraudulent pleading." *Crabb v. CSAA Gen. Ins. Co.*, No. CIV-21-0303-F, 2021 WL 3115393, at *2 (W.D. Okla. July 22, 2021). Because courts continue to use "fraudulent joinder" as the term for when certain conditions are met leading to a court disregarding and dismissing a non-diverse defendant, State Farm Fire and State Farm Auto use the same terminology herein.

16. Plaintiff's Petition alleges that Mr. Hosch, State Farm Fire, and State Farm Auto performed the following distillate actions:

- Issued multiple insurance policies to Plaintiff. *See* **Ex. 1**, Pet. ¶¶ 5-6.

- Received homeowners' and automobile insurance claims from Plaintiff. *See id.* ¶ 7.

- Investigated and handled the insurance claims submitted by Plaintiff, and issued determinations regarding the amount to be paid for such insurance claims. *See id.* ¶¶ 8-10.

---

[4] Fraudulent joinder also exists, separately, when a "plaintiff's jurisdictional allegations are fraudulent and made in bad faith." *Dollison v. Am. Nat'l Ins. Co.*, No. 13-CV-100-CVE-FHM, 2013 WL 1944891, at *3 (N.D. Okla. May 9, 2013) (citing *Slover v. Equitable Variable Life Ins. Co.*, 443 F. Supp. 2d 1272, 1279 (N.D. Okla. 2006)). State Farm Fire and State Farm Auto do not allege that Plaintiff's allegations are made in bad faith. Instead, they assert that Plaintiff has no possibility of recovery against Mr. Hosch. *See Long*, 768 F. App'x at 813 ("[F]raudulent joinder need not involve actual fraud in the technical sense." (quotation marks and citation omitted)).

- Allegedly breached contractual obligations by underpaying Plaintiff on his insurance claims. *See id.* ¶ 11.

- Allegedly violated the duty of good faith and fair dealing inherent in any insurance policy issued in Oklahoma. *See id.* ¶¶ 12-15.

17. But such statements do not, in fact, state a viable claim against Mr. Hosch because the alleged actions, if they occurred at all, were performed by State Farm Fire and/or State Farm Auto—not by Mr. Hosch. Certainly, with regard to Mr. Hosch, the Petition lacks sufficient allegations "to raise a right to relief above the speculative level," and does not set forth enough facts to state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

18. There are no viable allegations to support the two stated causes of action with regard to Mr. Hosch. Plaintiff does not allege the existence of a contract between him and Mr. Hosch that was breached or that would be necessary for a bad faith claim beyond the two insurance policies—which indisputably are between (i) Plaintiff and State Farm Fire and (ii) Plaintiff and State Farm Auto. See *Brown v. Patel*, 157 P.3d 117, 121 (Okla. 2007) (indicating that an insurance bad faith claim arises from a breach of the insurance contract where the breach occurs in a manner constituting bad faith). Moreover, Plaintiff cannot assert an insurance bad faith claim against Mr. Hosch based on these insurance policies because Mr. Hosch is not a party to the contracts, and the Oklahoma Supreme Court has recognized that an insurance bad faith claim "will not lie against a stranger to the [insurance policy]." *Timmons v. Royal Globe Ins. Co.*, 653 P.2d 907, 913 (Okla. 1982). As stated by in a prior decision from this district, "Oklahoma law is clear that conduct of the insurer and the agent in selling and issuing the policy[] cannot give rise to the tort of bad faith breach

of an insurance contract. Any breach of contract or bad faith claim, thus, could be asserted only against [the insurer]." *Lacy v. CSAA Fire & Ins. Co.*, No. CIV-21-629-D, 2021 WL 5504740, at *3 (W.D. Okla. Nov. 23, 2021) (quotation marks and citation omitted); *see Wathor v. Mutual Assurance Adm'rs, Inc.*, 2004 OK 2, ¶ 8, 87 P.3d 559, 562 ("Agents of the insurer—even agents whose acts may have been material to a breach of the duty [of good faith and fair dealing]—do not normally owe the insured a duty of good faith since agents are not parties to the insurance contract.").

19.     Further, no viable claim exists against Mr. Hosch because no wrongful conduct by Mr. Hosch is alleged. The only actions which Mr. Hosch is alleged to have undertaken are, in actuality, actions within the scopes of actions for State Farm Fire or State Farm Auto, not the actions attributable to an insurance policy sales agent like Mr. Hosch. *See* **Ex. 1**, Compl. Plaintiff does not allege there was anything wrongful about anything that Mr. Hosch—himself, in his sole capacity as a sales agent for insurance—did.

20.     To the extent Plaintiff attempts to allege that Mr. Hosch is an agent of State Farm Fire or State Farm Auto with regard to claim-handling actions, Plaintiff lacks any claim against Mr. Hosch as an allegedly apparent agent of a known principal. *See Summer Oaks Realty SPE LLC v. Minera, LLC*, No. CIV-20-1223-R, 2021 WL 6101882, at *2 (W.D. Okla. June 10, 2021) ("In Oklahoma, a contract made with a known agent for a disclosed principal is a contract with the principal alone. Accordingly, a breach of contract claim against an agent generally fails as a matter of law if the agent acts for a disclosed principal." (quotation marks and citation omitted)) (denying an effort to assert a claim

against the disclosed agent of a principal when the claimant already had asserted claims against the principal).

21. Accordingly, Plaintiff has stated any plausible cause of action against Mr. Hosch or any asserted cause of action does not exist, and Plaintiff cannot do so as a matter of law. Consequently, Mr. Hosch's joinder necessarily fails. Therefore, Mr. Hosch has been fraudulently joined and his citizenship should be ignored for purposes of this removal.

**C.     The amount in controversy requirement is satisfied.**

22. Plaintiff seeks compensatory and punitive damages, plus attorneys' fees, costs, and interest. See **Ex. 1**, Pet., at p.4. Plaintiff's Petition fails to comply with the Oklahoma Pleading Code—which requires that a party seeking relief for damages in excess of the amount required for diversity jurisdiction pursuant to 28 U.S.C. § 1332 "set forth only that the amount sought as damages is in excess of the amount required for diversity jurisdiction . . . except in actions sounding in contract." Okla. Stat. tit. 12, § 2008(A)(2). When a party seeks relief for damages of $75,000 or less, the pleading must "specify the amount of such damages sought to be recovered." *Id.*

23. A "plaintiff cannot avoid removal merely by declining to allege the jurisdictional amount." *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008). "This would allow frustration of the purpose of diversity jurisdiction, which is, after all, to protect the out-of-state defendant." *Id.*

24. Defendants seeking removal need only prove—by a preponderance of the evidence—"jurisdictional *facts* that make it *possible* that $75,000 [is] in play." *Id.*; *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014) (holding

9

that a defendant need only include "a short and plain statement of the grounds for removal" to successfully invoke the federal court's jurisdiction (quoting 28 U.S.C. § 1446(a))); *Boehmer v. State Farm Fire & Cas. Co.*, No. 09-CV-318-JHP, 2009 WL 3766113, at *3 (E.D. Okla. Nov. 10, 2009).

25. Once such facts are proven, defendants are "entitled to stay in federal court unless it is 'legally certain' that less than $75,000 is at stake. If the amount is uncertain then there is potential controversy, which is to say that at least $75,000 is in controversy in the case." *McPhail*, 529 F.3d at 954.

26. One method by which removing defendants may present the necessary proof is by "estimating potential damages from the allegations of the plaintiff's pleading." *Schrader ex rel. Doe v. Farmers Ins. Co.*, No. CIV-08-595-D, 2008 WL 2782710, at *1 (W.D. Okla. July 7, 2008); *see also McPhail*, 529 F.3d at 955 ("A complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal.").

27. Here, Plaintiff claims actual damages "in an amount that in excess of Ten Thousand Dollars ($10,000.00)" in relation to the two causes of action he alleges. Plaintiff fails to identify a specific amount of damages for either his breach of contract claim or his bad faith claim individually. See **Ex. 1**, Pet. But, certainly, verdicts in Oklahoma cases where insurers have been held liable for breach of contract and/or for bad faith have exceeded $75,000.

28. Additionally, the policy limits which *may* be at issue under only Plaintiff's contract claim exceed $75,000. *See* **Ex. 5**, State Farm Fire Policy, at Sims-SF_0050 (setting

property coverage limits of $339,700 for Plaintiff's dwelling and $163,000 for other structures); **Ex. 6**, State Farm Auto Policy (providing automobile comprehensive coverage subject to the insurance policy's terms, conditions, definitions, exclusions, coverages, amendments, deductibles, and limitations).

29. Plaintiff also seeks "a reasonable attorney fee." *Id.* at p.4. Attorneys' fees may be included in the amount in controversy where they are authorized by state law. *See Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998). While Plaintiff does not specify the law under which he seek attorneys' fees, he—by signing the Petition—certified to the best of his knowledge, information, and belief, that this legal contention was warranted by existing law or by non-frivolous argument for the modification of existing law or establishment of new law. *See* Okla. Stat. tit. 12, § 2011(B). In fact, it appears that Plaintiff seeks attorneys' fees as a substantive component of his claimed damages. *See* **Ex. 1**, Pet. Moreover, attorneys' fees may be recoverable in this matter—if all necessary requirements are met—pursuant to Okla. Stat. tit. 36, § 3629. A reasonable attorneys' fee award to Plaintiff for full litigation of this matter could well cause the amount in controversy to exceed $75,000.

30. Finally, Plaintiff seeks punitive damages. *See* **Ex. 1**, Pet., at p.4. Under Oklahoma law, punitive damages may reach up to $100,000 even at the lowest level of culpability. *See* Okla. Stat. tit. 23, § 9.1(B). This possible recovery is sufficient for removal. *See Schenk v. Allstate Prop. & Cas. Ins. Co.*, No. CIV-12-751-M, 2012 WL 4327043, at *1 (W.D. Okla. Sept. 20, 2012) ("[W]hen both actual and punitive damages are recoverable under a complaint, a court must consider each in determining jurisdictional amount" (citing

*Bell v. Preferred Life Assur. Soc'y of Montgomery, Ala.*, 320 U.S. 238, 240 (1943))); *Schrader*, 2008 WL 2782710, at *1 (denying remand when defendant supported the amount in controversy by pointing to possible tort recovery under Oklahoma's punitive damages statute).

31. Any of the above, taken in combination or as a whole—i.e., (1) Plaintiff's actual damages claimed; (2) Plaintiff's attorneys' fees requested; and/or (3) Plaintiff's punitive damages claimed—shows that Plaintiff has put an amount in excess of the sum or value of $75,000, exclusive of interest and costs, at issue in this litigation. *See Boehmer*, No. 09-CV-318-JHP, 2009 WL 3766113, at *3 (combining multiple assertions regarding damages to determine that the amount in controversy requirement was met in relation to a notice of removal).

32. Once the underlying jurisdictional facts are established, a defendant is entitled to stay in federal court unless it is "legally certain" that less than $75,000 is at stake. *McPhail*, 529 F.3d at 954. Therefore, this Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) because there is complete diversity between the parties, and the amount in controversy exceeds $75,000.

II. **State Farm Fire and State Farm Auto have satisfied procedural and other requirements for removal.**

33. Neither the Petition nor a Summons has been served on State Farm Fire or on State Farm Auto. Because this Notice of Removal is being filed before service on these entities, it is timely under 28 U.S.C. § 1446(b). *See Jenkins*, 218 F. App'x at 724 ("Because . . . [the defendant] was never properly served with a copy of the summons, which is the

12

*sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights absent waiver of service, the thirty-day period for filing a notice of removal set forth in 28 U.S.C. § 1446(b) never started to run . . . ." (quotation marks and citation omitted)); *Armijo v. Flansas*, No. 17-CV-665-WJ-JHR, 2017 WL 6001768, at *3 (D.N.M. Dec. 4, 2017) ("Because Plaintiff did not serve Defendant prior to removal, the thirty day removal period did not begin to run, so Defendant timely removed this case."); *Watanabe v. Lankford*, 684 F. Sup. 2d 1210, 1214-15 (D. Haw. 2010) ("[The defendant] did not have to wait until Plaintiffs served it with the Complaint and Summons before removing the case. A complaint need only be filed to be removable. Although the deadline for removal is measured from the defendant's formal receipt of the complaint, there is no statutory requirement that a defendant must formally receive the Complaint before removing the case." (citations and footnote omitted)). Further, this Notice of Removal is being filed within 30 days of service of the Petition and a Summons on Mr. Hosch. *See* **Ex. 3**, Summons.

34. That Plaintiff named "State Farm Insurance"—instead of State Farm Fire and State Farm Auto—as the second defendant to Mr. Hosch in this action does not prevent removal of this action by State Farm Fire and State Farm Auto. Indeed, were these entities to seek correction of the Petition in state court, they could "do[] so at [their] peril" with regard to removeability. *Gates v. Crescent Hotels & Resorts, LLC*, CIV.A. 13-00149-KD-B, 2013 WL 3199823, at *4 (S.D. Ala. June 24, 2013) ("A defendant in these stated circumstances who desires to remove the case to federal court yet procedurally attacks in state court the failure of the plaintiff to correctly name the defendant and holds its removal

13

effort in abeyance until the defendant is correctly identified and designated by amended complaint does so at its peril. . ."); *see Aranda v. Foamex Int'l*, 884 F. Supp. 2d 1186, 1210 (D.N.M. 2012) ("Several district courts have addressed similar issues concerning the time for removal and service of process on an incorrectly named defendant. Most of the cases which the Court has located have found that the time for removal began to run when the defendant was originally served despite the misnomer."); *cf. Ware v. Wyndham Worldwide Inc.*, CIV.09-6420 (RBK/AMD), 2010 WL 2545168, at *4 (D.N.J. June 18, 2010) ("In these cases, when the intended defendant receives formal process and ascertains or should reasonably ascertain that it is the intended defendant, the intended defendant's thirty-day window begins upon service of the initial complaint.").

35. Under 28 U.S.C. §§ 1441(a) and 1446(a), venue is proper in the United States District Court for the Western District of Oklahoma because this District includes Comanche County where the Action was pending. *See* 28 U.S.C. § 116(c).

36. Pursuant to Local Civil Rule 81.2(a), a copy of the state court docket sheet is attached to this Notice as **Exhibit 4**. There are no motions pending before the District Court of Comanche County, Oklahoma, and no hearings are set. *See* L. Cv. R. 81.2(b).

37. Under 28 U.S.C. § 1446(d), State Farm Fire and State Farm Auto certify that they will promptly give written notice of the filing of this Notice of Removal to Plaintiff and will likewise file a copy of this Notice of Removal with the Clerk of the District Court of Comanche County, Oklahoma.

38. State Farm Fire and State Farm Auto reserve the right to amend or supplement this Notice of Removal as allowed by law.

39.   State Farm Fire and State Farm Auto further reserve all defenses, including, without limitation, those set forth in Federal Rule of Civil Procedure 12(b), as well as their time to answer, move against, or otherwise respond to Plaintiff's Petition pursuant to Rule 81(c)(2).

State Farm Fire and State Farm Auto—misidentified in the Petition as "State Farm Insurance"—therefore remove this matter from the District Court of Comanche County, Oklahoma, to the United States District Court for the Western District of Oklahoma and invokes this Court's jurisdiction.

Respectfully submitted,

*s/ Andrew J. Morris*
Andrew J. Morris, OBA #31658
Braden M. Hoffmann, OBA #33910
MCAFEE & TAFT A PROFESSIONAL CORP.
Two Leadership Square, Eighth Floor
211 North Robinson Ave.
Oklahoma City, OK 73102
Telephone:	(405) 235-9621
Facsimile:	(405) 235-0439
andrew.morris@mcafeetaft.com
braden.hoffmann@mcafeetaft.com

*and*

Jessica L. Dickerson, OBA #21500
McAfee & Taft A Professional Corp.
Williams Center Tower II
Two West Second Street, Suite 1100
Tulsa, Oklahoma 74103
Telephone:	(918) 587-0000
Facsimile:	(918) 599-9317
jessica.dickerson@mcafeetaft.com

***Attorneys for Defendant State Farm Fire and Casualty Company and for Defendant State Farm Mutual Automobile Insurance Company***