IN THE DISTRICT COURT OF COMANCHE COUNTY
STATE OF OKLAHOMA

STATE OF OKLAHOMA
Comanche County
FILED in the
Office of the Court Clerk

OCT 09 2023

By_____
Deputy

Tommy L. Sims,

Plaintiff,

vs.                                                                 Case No.: CJ-2023- 486

Jason Hosch d.b.a. State Farm Insurance,           )
together with all of it successors, and subsidiaries, )
parent companies, parent corporations, holding     )
companies, sister companies, sister corporations,  )
agents and joint vendors,                                    )
                                                                         )
       Defendant(s), Jointly and Severally.            )

## PETITION

Plaintiff Tommy L. Sims, and for his claim against Jason Hosch d.b.a. State Farm Insurance, et all, Plaintiff hereby states as follows:

1. Plaintiff, Tommy L. Sims is a resident of Comanche County, State of Oklahoma.

2. Defendant, Jason Hosch d.b.a. State Farm Insurance (hereinafter, "Jason Hosch"), operates a business in Lawton, Comanche County, Oklahoma. Commonly known as State Farm.

3. The acts, omissions, trickery, deceit, fraud, collusion, conspiracy, and racketeering pertinent in this case occurred in Lawton, Comanche County, Oklahoma.

4. Based on the foregoing, this Court has jurisdiction over these parties and this subject matter and venue are proper herein.

5. Plaintiff was insured by Jason Hosch and his company through policy number 36-CC-E165-3 for homeowners' insurance with a policy effective date of 14 May 2023 through 14 May 2024 and Automobile Insurance Policy number 536 1331-E26-36A on the date of the loss, June 15th, 2023. Plaintiff was insured for Health Insurance through policy number HK 403821 3636. State Farm Insurance is responsible for making claims decisions, including whether claims will be paid or denied, on policies issued to the Plaintiff.

6. Plaintiff has complied with the terms and conditions of the homeowners' insurance policy and

automobile insurance policy with State Farm Insurance.

7. Plaintiff submitted a homeowners insurance claim, claim number 36-M408-27B an automobile insurance claim, claim number 36-51M7-36F and an automobile insurance claim, claim number 36-51M7-83D with a loss date of 15 June 2023 for damage sustained as a direct result of windstorm/hail which occurred in Lawton Oklahoma on 15 June 2023. Plaintiff provided proper and timely notice to Jason Hosch regarding the losses occurring on the 15th day of June 2023.

8. Plaintiff made all claimed property available for inspection by the insurer, and adjusters and cooperated in all inspections and investigations by Jason Hosch and his company.

9. The Plaintiff's vehicle was deemed a total loss by Jason Hosch and his company.

10. The Plaintiff's home was deemed to have significant wind and hail damage.

11. Jason Hosch has breached its contractual obligations under the terms and conditions of the insurance contracts with the Plaintiff by failing to pay the Plaintiff all benefits to which he is entitled under the terms and conditions of the policy.

12. As an insurance company licensed to do business in the State of Oklahoma, Jason Hosch, operator of State Farm Insurance owed a duty to the Plaintiff to deal fairly and in good faith. Moreover, the duty to deal fairly and in good faith is non-delegable and Jason Hosch cannot delegate his duty of good faith and fair dealing with his insureds.

13. Jason Hosh breached his duty to deal fairly and in good faith by engaging in the following acts and omissions:
   a. Failing and refusing payment and other policy benefits for the covered property damage sustained by the Plaintiff in accordance with the terms and conditions of his insurance policies at a time when Jason Hosch knew the Plaintiff was entitled to those benefits.
   b. Forcing Plaintiff to bring suit to secure policy benefits to which he was entitled under the terms and conditions of the insurance contracts.
   c. Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiffs' claims once liability had become reasonably clear.
   d. Issuing checks for the payment of claims which were immediately or within a short time canceled, forcing overdrafts of the Plaintiffs' banking accounts.
   e. Issuing payments for an automobile policy that were clear undervaluation amounts of the Plaintiff's vehicle, while the Plaintiff's vehicle was insured under a full replacement value policy.

    f. Forcing the Plaintiff to go months without a vehicle, or rental vehicle which is allowed under the automobile insurance policy.

    g. Issuing payments for a homeowners insurance policy which did not represent the full amount of the Plaintiffs' loss.

    h. Ignoring covered damage which the Defendant knows occurred while it insured the Plaintiffs' home and automobile.

    i. Jason Hosch failed to provide adequate and timely documentation to Freedom Mortgage regarding the Plaintiff's homeowners policy, resulting in a forced coverage policy being implemented by Freedom Mortgage. Costing the Plaintiff substantial sums of money for an unnecessary second homeowners policy.

14. Jason Hosch's obligations arise from both the express written terms of the policies and the Oklahoma Insurance Code. Jason Hosch's failure to implement/or follow Oklahoma's statutory Insurance Code constitutes bad faith.

15. The conduct of Jason Hosch, as described above, constitutes bad faith and is a material breach of the terms and conditions of the insurance contracts between the parties.

16. As a result of the Jason Hosch's conduct, Plaintiff has sustained loss of the policy benefits, loss of the coverage, loss of use, incurrence of vehicle rental costs, loss of business, embarrassment, anxiety, frustration and mental and emotional distress, and other incidental damages, and has been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00) with the exact amounts to be determined by a Jury, exclusive of attorneys' fees, costs, interest, and for all other relief deemed equitable and proper by a Jury or Judge.

17. Jason Hosch's conduct was intentional, willful, malicious and in reckless disregard of the rights of the rights of the Plaintiff and is sufficiently egregious in nature to warrant the imposition of punitive damages.

18. Plaintiff further alleges that Jason Hosch enjoyed increased financial benefits and ill-gotten gains as a direct result of the wrongful conduct described above herein, which resulted in injury to the Plaintiff.

19. Plaintiff attempted to work in good faith with Jason Hosch and his company to settle the pending claims.

20. Plaintiff reserves his right to mend his petition as Discovery so warrants.

WHEREFORE, Plaintiff prays for judgment in his favor and against the Defendant, Jason Hosch d.b.a. State Farm Insurance, together with all of it successors, and subsidiaries, parent companies, parent corporations, holding companies, sister companies, sister corporations, agents and joint vendors both for compensatory and punitive damages, in an amount in excess of Ten Thousand Dollars ($10,000.00), with interest and costs of this action, and for a reasonable attorney fee, and for such other relief as may be appropriate with the exact amount to be determined by a jury.

TOMMY L. SIMS, OBA 12861
1101 SW C Avenue Ste 1
Lawton, Oklahoma 73501
Phone: 580 595 1020
Fax: 580 699 2874
Plaintiff

**Jury Trial Demanded.**

**Attorney Lien Claimed.**