UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TOMMY L. SIMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-23-1022-G |
| ) | |
| STATE FARM MUTUAL ) | |
| AUTOMOBILE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Now before the Court is Plaintiff Tommy L. Sims' Motion to Remand (Doc. No. 23). Defendant State Farm Mutual Automobile Insurance Company has filed a Response (Doc. No. 25).

*I.   Procedural Background*

Plaintiff initially filed this action on October 9, 2023, in the District Court of Comanche County, raising claims under Oklahoma law against State Farm Fire and Casualty Company, State Farm Mutual Automobile Insurance Company, and State Farm agent Jason Hosch.[1]  Defendants State Farm Fire and Casualty Company and State Farm Auto removed this action to this Court on the basis of diversity jurisdiction on November 13, 2023.

Plaintiff filed a Motion to Amend (Doc. No. 19) on June 11, 2024, which the Court

---

[1] Jason Hosch and State Farm Fire and Casualty Company have been dismissed. *See* Doc. Nos. 12, 21. Accordingly, the only remaining defendant is State Farm Mutual Automobile Insurance Company ("State Farm Auto").

granted. *See* Doc. No. 37. Plaintiff's Amended Complaint, filed January 15, 2025, again raises claims under Oklahoma law but seeks "economic damages only in an amount less than $75,000.00," inclusive of fees, costs, and interest. Am. Compl. (Doc. No. 39) at 2.

## II.     *Plaintiff's Motion to Remand*

On September 26, 2024, while the Motion to Amend was still pending, Plaintiff filed his Motion to Remand. Plaintiff seeks remand pursuant to 28 U.S.C. § 1447(c), arguing that because the Amended Complaint seeks damages in an amount less than $75,000.00, the Court is divested of diversity jurisdiction in this matter. *See* Pl.'s Mot. at 1-2; 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## III.     *Diversity Jurisdiction*

If a civil action filed in state court satisfies the requirements for original federal jurisdiction, a defendant may remove the action "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The relevant statute prescribes that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." *Id.* § 1332(a). The party invoking diversity jurisdiction—here, Defendant State Farm Auto—has the "burden of proving [diversity jurisdiction] by a preponderance of the evidence." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).

### A. *Complete Diversity*

Jurisdiction under § 1332(a) requires complete diversity among the parties—*i.e.,* the citizenship of all defendants must be different from the citizenship of all plaintiffs. *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008). It is undisputed that the parties are citizens of different states for purposes of diversity jurisdiction: Plaintiff is a citizen of Oklahoma, and State Farm Auto is a citizen of Illinois. *See* Am. Compl. at 1; Doc. No. 7.

### B. *The Amount in Controversy*

The parties disagree as to whether the amount-in-controversy requirement is met. As relevant here, when removal is premised upon the existence of § 1332(a) diversity jurisdiction, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2).

Plaintiff does not dispute that his initial pleading, which sought compensatory and punitive damages in excess of $10,000.00, as well as attorney's fees, interest, and costs, satisfied the amount-in-controversy requirement for § 1332 diversity jurisdiction. *See* Compl. (Doc. No. 1-1) at 4; Notice of Removal (Doc. No. 1) at 10-12. Plaintiff argues that this case should be remanded to the state court, however, because his amended pleading establishes an amount in controversy that is explicitly "less than $75,000.00." Am. Compl. at 2; *see* Pl.'s Mot. at 1-2. Defendant State Farm Auto responds that it is the demand in the initial pleading, not that of any subsequent amendment, that forms the appropriate basis for determining the jurisdictional amount in controversy. *See* Def.'s Resp. at 5.

In deciding whether diversity jurisdiction exists over a removed action, a court

3

examines the pleading at the time of removal in order to determine the amount in controversy. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 291 (1938) ("[T]he status of the case as disclosed by the plaintiff's complaint is controlling in the case of a removal."); *see also Anderson-Thompson, Inc. v. Logan Grain Co.*, 238 F.2d 598, 601-02 (10th Cir. 1956). Courts have long held that post-removal events, such as amending a complaint to reduce the damages demand to below the jurisdictional minimum, do not destroy diversity jurisdiction. *See St. Paul Mercury*, 303 U.S. at 292 ("And though . . . the plaintiff after removal, . . . by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction."); *see, e.g.*, *Redd v. Allstate Assurance Co.*, No. CIV-17-246-W, 2017 WL 11139926, at *2 (W.D. Okla. Aug. 23, 2017) ("Redd's decision to amend his state court pleading[,] . . . reduc[ing] the amount recoverable below the jurisdictional amount, will not justify remand." (internal quotation marks omitted)).

Accordingly, because Plaintiff's initial pleading established an amount in controversy of at least $75,000, removal based on diversity jurisdiction was proper. And, because Plaintiff's post-removal amendment reducing the amount in controversy to less than $75,000 does not destroy that jurisdiction, Plaintiff's request that the matter be remanded to the state court shall be denied.

## CONCLUSION

Plaintiff's Motion to Remand (Doc. No. 23) therefore is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Stay (Doc. No. 24) and Motion to Quash (Doc. No. 41) are DENIED AS MOOT. Defendant State Farm Auto's

4

Motion to Compel (Doc. No. 29) is GRANTED insofar as Plaintiff may not refuse to respond to discovery requests based upon the pendency of those Motions. Plaintiff shall serve his responses to the outstanding discovery requests within 21 days of the date of this Order or at such time as the parties may otherwise agree. The Court declines to award expenses.

An amended scheduling order shall be entered concurrently with this Order.

IT IS SO ORDERED this 7th day of March, 2025.

_____
CHARLES B. GOODWIN
United States District Judge