UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TOMMY L. SIMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-23-1022-G |
| | ) |
| STATE FARM MUTUAL | ) |
| AUTOMOBILE INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Now before the Court is a Motion to Reconsider (Doc. No. 71) filed by Plaintiff Tommy L. Sims. Defendant State Farm Mutual Automobile Insurance Company has filed a Response (Doc. No. 73), and Plaintiff has replied (Doc. No. 77).

*I.   Background*

Plaintiff initially filed this action in October of 2023 in Oklahoma state court. Following removal to this Court, Plaintiff filed an Amended Complaint (Doc. No. 39) bringing a claim for breach of contract based upon Defendant's alleged failure to pay Plaintiff all the benefits to which he was entitled under his insurance policy for damage to his automobile.

On January 2, 2025, Defendant filed a Motion for Summary Judgment (Doc. No. 36). Plaintiff filed a Response on January 15, 2025 (Doc. No. 40), arguing only that entry of summary judgment would be premature given Plaintiff's then-pending request that the

case be remanded to state court. Defendant filed a Reply on January 22, 2025 (Doc. No. 43).

On March 7, 2025, the Court denied Plaintiff's motion to remand. *See* Order of Mar. 7, 2025 (Doc. No. 47). On that same date, the case was set for trial on the Court's July 2025 civil jury-trial docket. *See* Am. Sched. Order (Doc. No. 48).

On June 20, 2025, the Court granted Defendant's motion for summary judgment, holding that Plaintiff had failed to show a genuine material fact issue and that Defendant was entitled to judgment as a matter of law on Plaintiff's breach-of-contract claim. *See Sims v. State Farm Mut. Auto. Ins. Co.*, No. CIV-23-1022-G, 2025 WL 1732527, at *3-4 (W.D. Okla. June 20, 2025). The Court therefore found Plaintiff's other pending motions were moot and entered judgment for Defendant. *See id.* at *4; J. (Doc. No. 66).

II.   *Plaintiff's Motion to Reconsider*

Plaintiff now moves the Court to reconsider that ruling, arguing that it was error to grant summary judgment while discovery-related and other motions were pending before the Court. *See* Pl.'s Mot. at 3 ("[T]hese motions are directly relevant to Plaintiff's ability to present proper and meaningful opposition to Defendant's summary judgment action."). Plaintiff also argues that the entry of summary judgment violated his right to a jury trial as "enshrined in the [Oklahoma] constitution." *Id.*

Plaintiff's request to amend or alter the Judgment is governed by Rule 59(e) of the Federal Rules of Civil Procedure.[1] Rule 59(e) "gives a district court the chance to rectify

---

[1] Although Plaintiff is appearing pro se, he is a licensed attorney who is listed as an active member in good standing in the online directory of the Oklahoma Bar Association. The

2

its own mistakes in the period immediately following its decision. In keeping with that corrective function, federal courts generally have used Rule 59(e) only to reconsider matters properly encompassed in a decision on the merits." *Banister v. Davis*, 590 U.S. 504, 508 (2020) (alterations, citation, and internal quotation marks omitted). Accordingly, "[a] motion for reconsideration under Rule 59(e) is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Christ Ctr. of Divine Phil., Inc. v. Elam*, 763 F. App'x 740, 743 (10th Cir. 2019) (internal quotation marks omitted). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.*

Plaintiff's contention that the Court should have addressed other pending motions before entering summary judgment is an "argument[] that could have been raised in prior briefing." *Christ Ctr. of Divine Phil.*, 763 F. App'x at 743 (internal quotation marks omitted). In the months that Defendant's Motion for Summary Judgment was fully briefed (including after remand was denied and after Plaintiff's deposition was taken on April 18, 2025), Plaintiff did not seek leave to supplement or amend his summary-judgment response. Nor did Plaintiff ask the Court to "defer considering the motion" under Federal

---

Court therefore "decline[s] to extend [Plaintiff] the leeway afforded nonlawyers representing themselves." *Amarsingh v. Frontier Airlines, Inc.*, No. 24-1391, 2026 WL 352016, at *3 (10th Cir. Feb. 9, 2026).

3

Rule of Civil Procedure 56(d) on the basis that Plaintiff was unable to "present facts essential to justify [his] opposition" to the entry of summary judgment. Fed. R. Civ. P. 56(d). Plaintiff thus has not shown that the Court "misapprehended the facts, [Plaintiff's] position, or the controlling law." *Servants of the Paraclete*, 204 F.3d at 1012; *see also* Fed. Civ. P. 56(b); LCvR 78.1.

Plaintiff's objection that he has been improperly deprived of a jury trial is likewise meritless. "The Seventh Amendment is not violated by proper entry of summary judgment, because such a ruling means that no triable issue exists to be submitted to a jury." *Shannon v. Graves*, 257 F.3d 1164, 1167 (10th Cir. 2001); *see also Granny Goose Foods, Inc. v. Bhd. of Teamsters Loc. No. 70*, 415 U.S. 423, 438 (1974) ("The Federal Rules of Civil Procedure, like other provisions of federal law, govern the mode of proceedings in federal court after removal.").

For these reasons, Plaintiff has not shown that the Court's entry of judgment of June 20, 2025, constituted "clear error" or "manifest injustice." *Servants of the Paraclete*, 204 F.3d at 1012. Relief under Rule 59(e) is not warranted.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Reconsider (Doc. No. 71) is DENIED.

IT IS SO ORDERED this 13th day of February, 2026.

CHARLES B. GOODWIN
United States District Judge