## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TOMMY L. SIMS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Case No. CIV-23-1022-G |
| | ) |
| STATE FARM MUTUAL | ) |
| AUTOMOBILE INSURANCE | ) |
| COMPANY, | ) |
| | ) |
|     Defendant. | ) |

## ORDER

Now before the Court is a Motion for Attorney's Fees (Doc. No. 69) filed through counsel by Defendant State Farm Mutual Automobile Insurance Company. Plaintiff has responded (Doc. No. 72), and Defendant has replied (Doc. No. 74).

### I. Background

Plaintiff initially filed this action in October of 2023 in Oklahoma state court. Following removal to this Court, Plaintiff filed an Amended Complaint (Doc. No. 39) bringing a claim for breach of contract based upon Defendant's alleged failure to pay Plaintiff all the benefits to which he was entitled under his insurance policy for damage to his automobile.

On June 20, 2025, the Court granted Defendant's motion for summary judgment, holding that Plaintiff had failed to show a genuine material fact issue and that Defendant was entitled to judgment as a matter of law. *See Sims v. State Farm Mut. Auto. Ins. Co.*,

No. CIV-23-1022-G, 2025 WL 1732527, at *3-4 (W.D. Okla. June 20, 2025).  The Court

therefore entered judgment for Defendant.  *See* J. (Doc. No. 66).

## II.    Standard of Decision

Defendant now seeks an award of its attorney's fees pursuant to Federal Rule of

Civil Procedure 54(d)(2) and Local Civil Rule 54.2.  In diversity actions, "attorney fees are

a substantive matter" governed by state law.  *Combs v. Shelter Mut. Ins. Co.*, 551 F.3d 991,

1001 (10th Cir. 2008).  Generally, "Oklahoma courts are committed to the American Rule,"

whereby "every litigant is responsible for its own litigation expenses."  *State ex rel. Dep't*

*of Transp. v. Norman Indus. Dev. Corp.*, 41 P.3d 960, 962 (Okla. 2001).  Attorney fees are

available, however, when authorized by statute.  *See id.*; *Combs*, 551 F.3d at 1001.

As the basis for its request, Defendant invokes title 36, section 3629(B) of the

Oklahoma Statutes, which authorizes an award of attorney's fees to the prevailing party in

certain insurance-coverage disputes.  The relevant language provides:

> It shall be the duty of the insurer, receiving a proof of loss, to submit a written
> offer of settlement or rejection of the claim to the insured within sixty (60)
> days of receipt of that proof of loss.  Upon a judgment rendered to either
> party, costs and attorney fees shall be allowable to the prevailing party.  For
> purposes of this section, the prevailing party is the insurer in those cases
> where judgment does not exceed written offer of settlement.  In all other
> judgments the insured shall be the prevailing party.

Okla. Stat. tit. 36, § 3629(B).

## III.    Defendant's Request for Attorney's Fees

### A.  Entitlement to Fees

For an insurer to recover attorney's fees under section 3629(B), the following

conditions must be met:

> (1) plaintiff made a proof of loss to defendant under an insurance policy; (2) defendant submitted a written offer of settlement or rejection of the claim within [sixty (60)] days of receipt, and (3) defendant is the prevailing party within the meaning of Section 3629(B).

*Stanley v. Farmers Ins. Co.*, No. CIV-05-622-M, 2007 WL 2155784, at *1 (W.D. Okla. July 24, 2007).

Plaintiff does not dispute, and the Court herein finds, that the first two statutory conditions are met. Specifically, Plaintiff made sufficient proof of loss to Defendant under his insurance policy, and Defendant provided Plaintiff and the vehicle's loan issuer with total-loss settlement checks within 60 days of Defendant's receipt of the proof of loss. *See* Def.'s Mot. Att'y Fees at 4; *id.* Exs. 1, 2, 3, 4 (Doc. Nos. 69-1, -2, -3, -4). As to the third statutory condition, because judgment was entered in favor of Defendant, the "judgment does not exceed [a] written offer of settlement." Okla. Stat. tit. 36, § 3629(B); *see* J. at 1. The Court thus concludes that the third condition is met and that Defendant is the prevailing party for purposes of the statute. *See Owens v. Equity Ins. Co.*, No. 23-212, 2025 WL 2623448, at *1 (N.D. Okla. Sept. 11, 2025).

Plaintiff in his Response does not specifically address Defendant's status as the prevailing party but objects that it would be premature for the Court to award fees while Plaintiff's Motion to Reconsider (Doc. No. 71) is pending. *See* Pl.'s Resp. at 1. Because Plaintiff's Motion to Reconsider has now been denied, this objection is overruled as moot. *See* Order of Feb. 13, 2026 (Doc. No. 79).

Plaintiff also objects that Defendant is not entitled to fees because this action "involved a dispute over the damages suffered as a result of Defendant's negligent handling

3

of the valuation of the truck . . . , and other related collateral damages suffered, not a clearly liquidated loss." Pl.'s Resp. at 1. Plaintiff argues that, pursuant to *Taylor v. State Farm Fire & Casualty Co.*, 981 P.2d 1253 (Okla. 1999), "where the amount of damages is uncertain or depends on weighing conflicting evidence, the loss is not ascertainable under the statute, and fees are not authorized." Pl.'s Resp. at 1.

As an initial matter, Plaintiff's claim in this action sounded in contract, rather than negligence, and sought recovery of his alleged loss payable under the insurance policy. *See* Am. Compl. at 1 (alleging that Defendant "breached its contractual obligations . . . by failing to pay the Plaintiff all benefits to which he [was] entitled under the terms and conditions of the policy"). It is well established that section 3629(b) "authorize[s] counsel-fee awards in . . . contract . . . claims against the insurer, so long as the insured loss constitutes the core element of the awarded recovery." *Taylor*, 981 P.2d at 1258-59 (emphasis omitted).

Further, the *Taylor* Court discussed the liquidated/unliquidated distinction in the context of the plaintiff's recovery of prejudgment interest, not recovery of attorney's fees. *See id.* at 1259-62; *accord Glazing Concepts, Inc. v. Hanover Ins. Co.*, No. CIV-05-70-HE, 2006 WL 1490973, at *3 (W.D. Okla. May 23, 2006). Plaintiff's reading of *Taylor* is not supported by the text of the decision or by citation to any authority.

Defendant therefore has shown an entitlement to attorney's fees under section 3629(B) as the prevailing party in this matter. *See* Okla. Stat. tit. 36, § 3629(B); *Owens*, 2025 WL 2623448, at *1; *Taylor*, 981 P.2d at 1258-59.

### B. The Requested Fee Award

As the fee applicant, Defendant "bears the burden of proving that the time and labor for which [it] seeks compensation are reasonable." *Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.*, 82 F.3d 1533, 1553 (10th Cir. 1996). "[T]he ultimate determination of reasonableness and amount of the fee award is generally left to the sound discretion of the district court." *Combs*, 551 F.3d at 1001 (internal quotation marks omitted). Under Oklahoma law "the correct method for determining a reasonable attorney fee is to calculate the 'lodestar'—the number of hours reasonably expended multiplied by a reasonable hourly rate—and then to enhance or reduce the fee by consideration of the factors in *State ex rel. Burk[] v. City of Oklahoma City*." *Brown v. Elephant Talk N. Am. Corp.*, No. CIV-18-902-PRW, 2022 WL 1527523, at *3 (W.D. Okla. May 13, 2022) (footnote omitted) (citing *Burk*, 598 P.2d 659, 661 (Okla. 1979)).

Defendant's Motion seeks a fee award of $25,000.00, representing a voluntary reduction from the $74,506.00 in fees Defendant incurred in this matter. *See* Def.'s Mot. Att'y Fees Ex. 7, Billing Rec. (Doc. No. 69-7). In accordance with Local Civil Rule 54.2, Defendant has submitted detailed billing records, as well as an affidavit signed by attorney Andrew J. Morris, to support its lodestar calculation and fee request. *See* Def.'s Mot. Att'y Fees at 6-11; *id.* Ex. 5, Morris Decl. (Doc. No. 69-5).

Plaintiff presents no dispute as to the reasonableness of this request, no objection to Defendant's counsel's billing rates or hours expended, and no argument for reduction of Defendant's fee award.

Having considered Defendant's uncontested factual assertions and the history of this litigation, the Court finds that Defendant's $25,000.00 request is reasonable and that an award in this amount is supported by the relevant authorities and *Burk* factors, including the "[t]ime and labor required." *Burk*, 598 P.2d at 661 (internal quotation marks omitted). The requested fee also "bear[s] a reasonable relationship to the amount in controversy," as required under Oklahoma law. *ABAB, Inc. v. Starnet Ins. Co.*, No. CIV-12-461-D, 2015 WL 4667540, at *5 (W.D. Okla. Aug. 6, 2015); *see* Am. Compl. at 1-2; Def.'s Mot. Att'y Fees at 1-2, 10-11.

CONCLUSION

For the reasons set forth herein, Defendant's Motion for Attorney's Fees (Doc. No. 69) is GRANTED.

IT IS THEREFORE ORDERED that Plaintiff Tommy L. Sims shall pay $25,000.00 in attorney fees to Defendant State Farm Mutual Automobile Insurance Company pursuant to title 36, section 3629(B) of the Oklahoma Statutes.

IT IS SO ORDERED this 20th day of March, 2026.

_____
CHARLES B. GOODWIN
United States District Judge

6