**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| TOMMY L. SIMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-23-1022-G |
| | ) |
| STATE FARM MUTUAL | ) |
| AUTOMOBILE INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Now before the Court is Plaintiff Tommy L. Sims' Motion for Review (Doc. No. 76), seeking retaxation of the costs taxed against Plaintiff in this case. Defendant State Farm Mutual Automobile Insurance Company has filed a Response (Doc. No. 78).

*I.    Background*

Plaintiff initially filed this action in October of 2023 in Oklahoma state court. Following removal to this Court, Plaintiff filed an Amended Complaint (Doc. No. 39), bringing a claim for breach of contract based upon Defendant's alleged failure to pay Plaintiff all the benefits to which he was entitled under his insurance policy for damage to his automobile.

On June 20, 2025, the Court granted Defendant's motion for summary judgment, holding that Plaintiff had failed to show a genuine material fact issue and that Defendant was entitled to judgment as a matter of law on Plaintiff's breach-of-contract claim. *See Sims v. State Farm Mut. Auto. Ins. Co.*, No. CIV-23-1022-G, 2025 WL 1732527, at *3-4

(W.D. Okla. June 20, 2025).  The Court therefore entered judgment for Defendant.  *See* J. (Doc. No. 66).

Defendant then sought an award of its costs pursuant to Federal Rule of Civil Procedure 54(d)(1), Local Civil Rule 54.1, and 28 U.S.C. § 1920.  *See* Def.'s Bill of Costs (Doc. No. 67); Def.'s Mot. Costs (Doc. No. 68).  Plaintiff objected to Defendant's request, and Defendant filed a Reply.  *See* Doc. Nos. 72, 74.  On July 30, 2025, following review of the parties' written submissions, the Clerk of Court granted Defendant's request in full, taxing costs in favor of Defendant against Plaintiff in the amount of $3536.25.  *See* Clerk's Bill of Costs (Doc. No. 75) at 1.

## II.     *Plaintiff's Motion for Review*

Plaintiff now timely moves the Court to review the Clerk's determination, arguing the award of costs (1) was premature and (2) improperly included the costs incurred by Defendant in taking Plaintiff's deposition.  *See* Pl.'s Mot. Review at 1-3.

Pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure,

> **(1) *Costs Other Than Attorney's Fees.***  Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees— should be allowed to the prevailing party. . . . . The clerk may tax costs on 14 days' notice.  On motion served within the next 7 days, the court may review the clerk's action.

Fed. R. Civ. P. 54(d)(1).  The Court reviews the Clerk's award de novo.  *Doe v. Bd. of Cnty. Comm'rs of Payne Cnty.*, No. CIV-13-108-F, 2014 WL 12132244, at *1 (W.D. Okla. Nov. 4, 2014).

Prior to the Clerk making her determination, Plaintiff had filed a Motion to Reconsider (Doc. No. 71) asking the Court to vacate its grant of summary judgment to

2

Defendant.  Plaintiff first objects that it was premature and inappropriate for the Clerk to allow costs to Defendant as the "prevailing party" while Plaintiff's Motion to Reconsider was still pending.  *See* Pl.'s Mot. Review at 1-2.  The Court need not decide whether the timing of the award was proper because Plaintiff's Motion to Reconsider has now been denied, leaving Defendant as the prevailing party.  *See* Order of Feb. 13, 2026 (Doc. No. 79).  This objection is overruled as moot.

Next, Plaintiff argues that the $3134.35 cost incurred by Defendant in obtaining and transcribing Plaintiff's deposition should be disallowed.  *See* Pl.'s Mot. Review at 2-3; Clerk's Bill of Costs at 1.  In support, Plaintiff emphasizes that Defendant's motion for summary judgment was filed prior to the taking of the deposition and so the deposition was not used by the parties or the Court in deciding that motion.  *See* Pl.'s Mot. Review at 2-3.

The relevant statute prescribes that the court or the clerk "may tax as costs" the "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case."  28 U.S.C. § 1920(2).  "[T]he costs associated with videotaping a deposition are taxable under section 1920(2)" as well.  *Tilton v. Cap. Cities/ABC, Inc.*, 115 F.3d 1471, 1477 (10th Cir. 1997).

It is within the Court's discretion to determine "what deposition costs are reasonably necessary to the litigation."  *Id.* at 1474.

> A deposition is considered reasonably necessary to the litigation where it was not frivolous, it appeared to be necessary for the preparation of the case, and it was later introduced as evidence in connection with dispositive motions or at trial.  *In re Williams Securities Litig.—WCG Subclass*, 558 F.3d 1144, 1147-48 (10th Cir. 2009); [*Furr v. AT & T Techs., Inc.*, 824 F.2d 1537, 1550 (10th Cir. 1987)].  Reasonable necessity is determined by examining the circumstances at the time the deposition was taken; the Court does not

employ the benefit of hindsight in making that determination. *Williams*, 558 F.3d at 1148.

*ABAB, Inc. v. Starnet Ins. Co.*, No. CIV-12-461-D, 2015 WL 3857091, at *2 (W.D. Okla. June 22, 2015).

As Defendant argues, if the summary-judgment effort had not been successful, Defendant reasonably expected to rely upon Plaintiff's deposition testimony at trial. *See* Def.'s Resp. at 3; Def.'s Witness List (Doc. No. 34) at 2; *cf. Mitchell v. City of Moore*, 218 F.3d 1190, 1204 (10th Cir. 2000) ("[I]f the depositions of the three named individual defendants in the case are not necessary to the litigation, we fail to see how any deposition would qualify as a recoverable cost."). And "[h]ad [Defendant] waited to see if its summary judgment motion was granted . . . , it could not have taken the deposition at all, because discovery would have then been closed." Def.'s Resp. at 3 (citing Am. Sched. Order (Doc. No. 48)).

"Moreover, even if materials are not used at trial, but are reasonably necessary for use in the case, the court is 'empowered to find necessity and award costs.'" *ABAB*, 2015 WL 3857091, at *2 (quoting *Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1340 (10th Cir. 1998)).

> We measure whether an incurred cost was reasonably necessary under § 1920 in light of the facts known to the parties at the time the expenses were incurred. . . . . As for the unused transcripts, it would be inequitable to essentially penalize a party who happens to prevail on a dispositive motion by not awarding costs associated with that portion of discovery which had no bearing on the dispositive motion, but which appeared otherwise necessary at the time it was taken for proper preparation of the case.

*Mitchell*, 218 F.3d at 1204-05 (citation and internal quotation marks omitted).

4

Pursuant to the above authorities, Plaintiff's objection is meritless and is overruled. The Clerk appropriately determined that the costs related to Plaintiff's deposition were necessarily obtained for the litigation pursuant to 28 U.S.C. § 1920(2).

CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Review (Doc. No. 76) is DENIED.

IT IS SO ORDERED this 20th day of March, 2026.

_____
CHARLES B. GOODWIN
United States District Judge